## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| LENORIA BOOKER, INDIVIDUALLY AND | § | |
| AS HEIR TO AND REPRESENTATIVE OF | § | |
| THE ESTATE OF ALFRED BOOKER, SR., | § | |
| DECEASED, AND ALFRED BOOKER, JR., | § | |
| RODDRICK BOOKER, DEREK BOOKER | § | |
| AND PAUL BOOKER, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| ALFRED BOOKER, SR., DECEASED, | § | CASE NO. |
| | § | |
| Plaintiffs, | § | **(JURY REQUESTED)** |
| v. | § | |
| | § | |
| DIVERSICARE TREEMONT, LLC D/B/A | § | |
| TREEMONT HEALTHCARE AND | § | |
| REHABILITATION CENTER, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF MATTERS FILED WITH NOTICE OF REMOVAL

1. Civil Cover Sheet;

2. Supplemental Civil Cover Sheet;

3. Notice of Removal Filed in Federal Court;

4. Index of Matters Filed with Notice of Removal;

Exhibit A:
- a. Plaintiffs' Original Petition filed December 18, 2016 in State Court;
- b. Dallas County District Court Docket Sheet;
- c. Civil Citation issued by Dallas County Clerk for service on Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center on December 22, 2015 in State Court;
- d. Officer's Return of Service of Civil Citation issued by Dallas County Clerk for service on Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center filed on December 31, 2015 in State Court;

       e.      Defendant Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center's Notice of Filing Rule 11 Agreement filed January 22, 2016 in State Court;

       f.      Defendant Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center's Jury Demand filed on January 29, 2016 in State Court; and

       g.      Defendant Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center's Original Answer, Request for Disclosure, and Notice Pursuant to Rule 193.7 filed January 29, 2016 in State Court.

Exhibit B:     List of All Counsel of Record;

Exhibit C:     Notice of Filing of Notice of Removal to be filed in State Court; and

5. Certificate of Interested Persons.

FILED
DALLAS COUNTY
12/18/2015 9:33:26 AM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

# CIVIL CASE INFORMATION SHEET

DC-15-15193

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   Lenoria Booker et al. v. Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: George A. Boll | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| Email: georgeboll@juneaubell.com | Lenoria Booker | ☐ Pro Se Plaintiff/Petitioner |
| | Alfred Booker, Jr. | ☐ Title IV-D Agency |
| | Roddrick Booker, Derek Booker | ☐ Other: |
| Address: 15301 Spectrum Dr. #300 | Paul Booker | |
| Telephone: 972-866-5333 | | Additional Parties in Child Support Case: |
| City/State/Zip: Addison, Texas 75001 | Defendant(s)/Respondent(s): | Custodial Parent: |
| Fax: 972-866-8378 | Diversicare Treemont, LLC d/b/a | |
| | Treemont Healthcare and | Non-Custodial Parent: |
| Signature: *George A. Boll* | Rehabilitation Center | |
| State Bar No: 00783682 | | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| | Civil | | Family Law | |
|---|---|---|---|---|

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☒ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Employment
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

### Other Civil
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# EXHIBIT A

FILED
DALLAS COUNTY
12/18/2015 9:33:26 AM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

Case 3:16-cv-00260-O   Document 1-3   Filed 01/29/16   Page 4 of 40   PageID 12

DC-15-15193

CAUSE NO. _____

| | | |
|---|---|---|
| **LENORIA BOOKER, INDIVIDUALLY, AND** | § | **IN THE DISTRICT COURT** |
| **AS HEIR TO AND REPRESENTATIVE OF** | § | |
| **THE ESTATE OF ALFRED BOOKER, SR.,** | § | |
| **DECEASED, AND ALFRED BOOKER, JR.,** | § | |
| **RODDRICK BOOKER, DEREK BOOKER** | § | |
| **AND PAUL BOOKER, INDIVIDUALLY, AND** | § | |
| **AS HEIRS TO THE ESTATE OF ALFRED** | § | |
| **BOOKER, SR., DECEASED,** | § | |
| | § | **OF DALLAS COUNTY, TEXAS** |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **DIVERSICARE TREEMONT, LLC D/B/A** | § | |
| **TREEMONT HEALTHCARE AND** | § | |
| **REHABILITATION CENTER,** | § | |
| | § | |
| **DEFENDANT** | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, **LENORIA BOOKER, INDIVIDUALLY, AND AS HEIR TO AND REPRESENTATIVE OF THE ESTATE OF ALFRED BOOKER, SR., DECEASED, AND ALFRED BOOKER, JR., RODDRICK BOOKER, DEREK BOOKER AND PAUL BOOKER, INDIVIDUALLY, AND AS HEIRS TO THE ESTATE OF ALFRED BOOKER, SR., DECEASED,** hereinafter sometimes referred to as "Plaintiffs," who file this their Original Petition and Request for Disclosure, complaining of **DIVERSICARE TREEMONT, LLC D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER**, and for causes of action against said Defendant would respectfully show the court as follows:

# I.
## DISCOVERY CONTROL PLAN

**1.01**    Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend that discovery

be conducted under a Level Three Discovery Control Plan.

# II.
## PARTIES

**2.01**    Plaintiff, **LENORIA BOOKER**, is a natural person who is a citizen and resident of Dallas

County, Texas.  Lenoria Booker was the wife of the decedent, Alfred Booker, Sr., and brings

this cause of action Individually and as heir to and Representative of his estate.  The last

three digits of her Texas identification number are 963.  The last three digits of her Social

Security number are 953.

**2.02**    Plaintiff, **ALFRED BOOKER, JR.** is a natural person who is a citizen and resident of

Dallas County, Texas.  Alfred Booker, Jr. is the natural son of the decedent, Alfred Booker,

Sr., and brings this cause of action Individually and as heir to his estate.  The last three digits

of his driver's license are 654.  The last three digits of his Social Security number are 514.

**2.03**    Plaintiff, **RODDRICK BOOKER**, is a natural person who is a citizen and resident of Dallas

County, Texas.  Roddrick Booker is the natural son of the decedent, Alfred Booker, Sr., and

brings this cause of action Individually and as heir to his estate.  The last three digits of his

driver's license are 345.  The last three digits of his Social Security number are 669.

**2.04**    Plaintiff, **DEREK BOOKER**, is a natural person who is a citizen and resident of Dallas

County, Texas.  Derek Booker is the natural son of the decedent, Alfred Booker, Sr., and

brings this cause of action Individually and as heir to his estate. The last three digits of his

driver's license are 088.  The last three digits of his Social Security number are 721.

2.05    Plaintiff, **PAUL BOOKER**, is a natural person who is a citizen and resident of Dallas County, Texas.  Paul Booker is the natural son of the decedent, Alfred Booker, Sr., and brings this cause of action Individually and as heir to his estate. The last three digits of his driver's license are 462.  The last three digits of his Social Security number are 669.

2.06    Defendant **DIVERSICARE TREEMONT, LLC D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER** (hereinafter "Defendant Treemont"), is a foreign corporation incorporated in the State of Deleware, and having its principal office in Kerrville, Texas.  Said Defendant is registered to do business in the State of Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211. E. 7th Street, Suite 620, Austin, Texas 78701.

### III.
### JURISDICTION, VENUE AND NOTICE

3.01    This court has personal jurisdiction over all Plaintiffs because all are Texas residents.

3.02    This court has personal jurisdiction over Defendant Treemont because it is a foreign corporation registered to do business and doing business in the State of Texas.

3.03    The court has subject matter jurisdiction over all claims asserted in this lawsuit because they are common law and statutory causes of action existing under Texas law by which Plaintiffs seek damages that are within the jurisdictional limits of this court.

3.04    Venue is proper in Dallas County pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1), as it is the county in which all or a substantial part of the events and omissions giving rise to this cause of action accrued.

3.05    Plaintiffs have fully satisfied the pre-suit requirements of Section 74.051 of the Texas Civil Practice and Remedies Code to the extent required.  All conditions precedent to the bringing

of this action have been met.

## IV.
## FACTUAL SUMMARY

4.01    On February 12, 2015, Plaintiffs' decedent Alfred Booker, Sr. was admitted to Defendant

Treemont's skilled nursing facility located at 5550 Harvest Hill Road in Dallas, Texas.  Mr.

Booker was admitted with a diagnoses of pneumonia, hypertension and diabetes.

4.02    Members of Mr. Booker's family met with the members of the nursing staff of Defendant

Treemont upon admission and specifically spoke to them about Mr. Booker's diabetic

condition.  The family members stressed the importance of monitoring Mr. Booker's blood

sugar levels and were assured by Defendant Treemont's nursing staff that they were properly

staffed and trained to care for Mr. Booker.  The family members were specifically assured

that a licensed RN was on duty on the property at all times.

4.03    Mr. Booker's was admitted with patient specific physician orders for Defendant Treemont's

staff to call his physician and administer glucose tablets if his blood sugar level dropped

below 70.  There were also standing physician orders for Defendant Treemont's staff to

administer Glucogon for diabetic patients, like Mr. Booker, with blood sugar readings below

70.

4.04    At approximately 2:00 a.m. on February 16, 2015, Mr. Booker's blood sugar level was found

to be 49.  Nonetheless, and despite the patient specific physician orders and standing

physician orders, Mr. Booker was not given glucose tablets or Glucogon.  Additionally, Mr.

Booker's physician was not notified by Defendant Treemont's staff of the change in his

condition.

4.05   According to notes of Defendant Treemont's staff, Mr. Booker's blood sugar was 53 at 2:15 a.m. and 60 at 2:30 a.m.  Again, despite the patient specific physician orders and standing physician orders,  Mr. Booker was not given glucose tablets or Glucogon and his physician was not notified of his change in condition.

4.06   The staff of Defendant Treemont found Mr. Booker unresponsive between 2:45 a.m. and 3:00 a.m.  However, Defendant Treemont's staff did not initiate CPR and Mr. Booker's physician was still not notified.

4.07   Defendant Treemont's records state that Mr. Booker was "awake and alert" and said he "was fine" at 3:10 a.m.  However, the same record reflects he was found unresponsive at 3:30 a.m. whereupon the staff of Defendant Treemont called Dallas Fire Department EMS.   EMS arrived less than 15 minutes later and were at Mr. Booker's bedside by 3:45 a.m. where they found him in cold to the touch, with no respirations, no pulse and in rigor mortis.

4.08   Despite the assurances made at the time of Mr. Booker's admission, there was no RN on duty to monitor, care for or treat Mr. Booker on the night he passed away.

## V.
## CAUSES OF ACTION

5.01   Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs.

### A.   Survival and Wrongful Death:

5.02   This action is maintained as a wrongful death and survival action for all the beneficiaries entitled to recover for the death of Alfred Booker, Sr., deceased, under the provisions of the Texas Civil Practice & Remedies Code, §§ 71.002 and 71.021.  Plaintiffs are necessary and proper parties to maintain this wrongful death action and are the surviving legal beneficiaries of decedent provided for in the Wrongful Death Act.  If there are other beneficiaries of

decedent who are entitled to recover under the Wrongful Death Act, then Plaintiffs maintain this action for and on behalf of such other beneficiaries.

5.03   Plaintiffs hereby allege that no administration of Alfred Booker, Sr.'s estate is currently pending or necessary and the estate has fewer than two debts. Further Plaintiffs are in possession of Mr. Booker's property.

5.04   Further, the acts and omissions of Defendant Treemont described herein were accomplished, at least in part, by the actions and omissions of Defendant's agents, servants and/or employees, including, but not limited to Kadijatu Sesay, LVN, all acting within the course and scope of their relationship with Defendant Treemont.  Accordingly, Plaintiffs invoke the common law doctrine of *respondeat superior*, by which said Defendant is held vicariously liable for the negligent conduct of their employees, agents, servants and representatives as more specifically described herein below.

**B.**   **Negligence of Defendant Treemont:**

5.05   At all times material and relevant herein, Defendant Treemont operated a licensed skilled nursing facility which provided medical treatment and care services to the public.  At all times material and relevant herein, Mr. Booker was receiving care and treatment from Defendant Treemont and/or its medical staff, employees, servants and/or agents who performed services within the course and scope of their duties with Defendant Treemont.

5.06   Defendant Treemont, including its agents and employees, owed a duty of care to Mr. Booker. Defendant Treemont breached its duty of care by committing acts and/or omissions in its care of Mr. Booker which constituted negligence and/or which constituted violations of the applicable standard of care.  Specifically, and without limitation, Defendant Treemont, by and through its employees, including, but not limited to, Kadijatu Sesay, LVN, failed to

properly monitor Mr. Booker's blood sugar levels, failed to follow physician orders to administer glucose and/or Glucogon when Mr. Booker's blood sugar levels dropped below critical levels, failed to assure there was appropriate nursing staff on duty to care for Mr. Booker, and failed to notify Mr. Booker's physician of his change in medical condition.

5.07    The nurses and other staff who were involved in the failure to properly care for and treat Mr. Booker were acting as the employee or agent (actual, ostensible, or apparent) of Defendant Treemont. The negligence of these individuals is imputed to Defendant Treemont. Defendant Treemont is therefore vicariously liable for the negligence of nurses and all other staff who failed to properly care for and treat Mr. Booker.

5.08    Each of such acts and omissions, singularly or in combination with others, proximately caused the death of Mr. Booker and the damages to Plaintiffs for which Plaintiffs pray judgment in an amount in excess of the minimum jurisdictional limits of this court.

**C.    <u>Negligence Per Se:</u>**

5.09    All of the Defendants' negligent conduct as described above amounts to violations of governmental regulations and/or statutes and constitutes negligence per se. Plaintiffs' decedent, Alfred Booker, Sr., was a member of the class of persons that the governmental regulations and/or statutes were designed to protect, and the injuries are of the type that the governmental regulations and/or statutes were designed to prevent. Among other governmental regulations and/or statutes, Defendant Treemont violated basic resident rights guaranteed under the law, to-wit:  Health & Safety Code §242.501; Texas Administrative Code Title 40, § 92.51.  Such violations constitute negligence and were a proximate cause of Mr. Booker's death.  In causing his death, Defendant flagrantly violated the following resident's rights:

1.      the right to be free from abuse and exploitation;

2.      the right to safe, decent and clean conditions;

3.      the right to reside and receive services in the facility with reasonable accommodation;

4.      failing to comply with the nurse aide training and regulatory rules;

5.      failing to care for residents in a manner and in an environment that promotes maintenance or enhancement of each resident's quality of life;

6.      failing to promote care for residents in a manner and in an environment that maintains or enhances each resident's dignity and respect;

7.      failing to provide the necessary care and services to attain or maintain the highest practicable physical, mental and psychological well-being;

8.      failing to maintain clinical records on Mr. Booker in accordance with accepted or professional health information management standards and practices, that are: (1) complete; and (2) accurately documented;

9.      failing to admit and retain only residents whose needs could be met through services from the facility staff;

10.     failing to implement and maintain programs of orientation, training, and continuing in-service education to develop the skills of its staff;

11.     failing to create and implement policies and procedures to detect, prevent and correct neglect and abuse of residents.

5.10    Each of the above-described acts and/or omissions of Defendant Treemont, singularly and/or in combination with others, constituted negligence and/or gross negligence, which proximately caused the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

## D.      <u>Violation of the Penal Code:</u>

5.11    The conduct of Defendant Treemont amounted to a violation of Texas Penal Code §22.04, "Injury to Child, Elderly, or Disabled Individual," as a result of which Mr. Booker suffered serious bodily injury and ultimately death.  Defendant assumed the care, control and custody

of Mr. Booker who was both elderly (age 65 or over) and disabled, as that term is defined.

**5.12**   Such conduct was committed intentionally and/or knowingly.   Thus, the limitations on punitive damages found in §41.008 of the Texas Civil Practice and Remedies Code are inapplicable.

**E.**   **Gross Negligence and Malice:**

**5.13**   The wrongful conduct specifically alleged herein also constitutes gross negligence and malice as such terms are defined by law.  By reason of such conduct, Plaintiffs are entitled and therefore assert a claim for punitive or exemplary damages in an amount sufficient to punish and deter Defendant Treemont and others like it from such conduct in the future.

**5.14**   With respect to Defendant Treemont, the acts or omissions were the acts or omissions of Defendant Treemont itself, and not simply the acts or omissions of Defendant Treemont's lower level employees, as the conduct in question stemmed from the corporate policy or the exercise of corporate control over Defendant Treemont's skilled nursing facility.

**5.15**   In the alternative, the conduct complained of was:

(a)   authorized by Defendant;

(b)   of employees Defendant employed in a managerial capacity who were acting in the course and scope of that capacity; and/or,

(c)   of unfit employees Defendant recklessly employed; or ratified by an employee or manager of Defendant.

**5.16**   Said actions and/or inactions, whether considered singularly or in any combination, amounted to gross negligence and/or were made with malice, and involved an extreme degree of risk, considering the probability of harm to Mr. Booker and others.  Further, Defendant Treemont had the subjective awareness of the risk involved in the above-described actions and omissions, but nevertheless proceeded with conscious indifference to

the rights, safety, and/or welfare of Mr. Booker and others.  Said actions and/or inactions were a proximate cause of injuries and damages sustained by Plaintiffs' decedent, Mr. Booker, and Plaintiffs.

## VI.
## DAMAGES

6.01   As a proximate result of the negligent acts and/or omissions of Defendant, decedent Alfred Booker, Sr., was deprived of the opportunity to pursue a normal life and suffered a loss of enjoyment of life's activities.  Pursuant to Section 71.021 of the *Texas Civil Practice and Remedies Code* commonly known as the Survival Statute, Plaintiffs also seek damages for pain and suffering and mental anguish sustained by Mr. Booker from the time of the incident in question until his death. Decedent's estate is further entitled to and seeks damages for Mr. Booker's reasonable funeral and burial expenses.

6.02   As a further result of the incident complained of in this suit, Plaintiff Lenoria Booker has suffered a loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value of her husband, Alfred Booker, Sr.  Plaintiff Lenoria Booker has suffered mental anguish, grief, and sorrow as a result of the death of her husband, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.  Further, Plaintiff Lenoria Booker has suffered a loss of love, comfort, companionship and society as a result of the death of her husband, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.

6.03   As a further result of the incident complained of in this suit, Plaintiff Alfred Booker, Jr. has suffered a loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value of his father, Alfred Booker, Sr.  Alfred Booker, Jr. has suffered mental anguish, grief, and sorrow as a result of the death of his father, Alfred

Booker, Sr., and is likely to continue to suffer for a long time in the future.  Further, Alfred Booker, Jr. has suffered a loss of love, comfort, companionship and society as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.

6.04     As a further result of the incident complained of in this suit, Plaintiff Roddrick Booker has suffered a loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value of his father, Alfred Booker, Sr.  Roddrick Booker has suffered mental anguish, grief, and sorrow as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.  Further, Roddrick Booker has suffered a loss of love, comfort, companionship and society as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.

6.05     As a further result of the incident complained of in this suit, Plaintiff Derek Booker has suffered a loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value of his father, Alfred Booker, Sr.  Derek Booker has suffered mental anguish, grief, and sorrow as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.  Further, Derek Booker has suffered a loss of love, comfort, companionship and society as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.

6.06     As a further result of the incident complained of in this suit, Plaintiff Paul Booker has suffered a loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value of his father, Alfred Booker, Sr.  Paul Booker has suffered

mental anguish, grief, and sorrow as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.  Further, Paul Booker has suffered a loss of love, comfort, companionship and society as a result of the death of his father, Alfred Booker, Sr., and is likely to continue to suffer for a long time in the future.

6.07    The amount of the Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this court.  Many elements of damage, including the loss of care, comfort, companionship and society cannot be determined with mathematical precision.  Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury.  Plaintiffs do not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them.   Although Plaintiffs assert that the ultimate decision regarding compensation falls within the purview of the jury under the right to trial by jury, Rule 47 of the *Texas Rules of Civil Procedure* now requires a plaintiff to choose from a limit of five predetermined categories of monetary relief. Due to this pleading requirement, Plaintiffs plead that they seeks monetary relief between $200,000.00 and $1,000,000.00. Plaintiffs reserves the right to amend this claim for monetary relief, if necessary, when discovery is substantially complete.

6.08    Plaintiffs also seek recovery of their expenses and costs of suit, and pre-judgment and post-judgment interest at the highest rate permitted by law.

## VII.
## PUNITIVE DAMAGES

7.01    Plaintiffs, in this case, seek punitive damages in an amount commensurate with:

   a.       the nature of the wrongs committed by Defendant;

   b.       the inhumane character of Defendant's course of conduct;

 c.  the degree of culpability of the wrongdoers herein;

 d.  the helpless and dependent nature of the victim in this case; and

 e.  the severity, frequency, and degree to which the conduct described hereinabove offends the public sense of justice.   Defendant's conduct alleged hereinabove justifies an award of exemplary damages in an amount sufficient to deter Defendant from engaging in the conduct referenced herein in the future.

**7.02** Further, Defendant's knowing violation of Texas Penal Code §22.04 warrants the imposition of uncapped punitive damages irrespective of any caps set forth in the Texas Medical Liability Act.

## VIII.
## REQUEST FOR JURY TRIAL

**8.01** Plaintiffs demand a trial by jury.

## IX.
## REQUEST FOR DISCLOSURE

**9.01** Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of the service of this request, all of the information and materials described in Rule 194.2.

## X.
## PRAYER FOR RELIEF

**10.01** Plaintiffs pray that they have judgment against Defendant for their actual damages, in excess of the minimum jurisdictional limits of its court, exemplary damages, prejudgment and post-judgment interest at the lawful rate, costs of court and such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ George A. Boll

_____

GEORGE A. BOLL
State Bar No. 00783682
georgeboll@juneauboll.com

**JUNEAU, BOLL, STACY & UCHEREK, PLLC**
15301 Spectrum Drive, Suite 300
Addison, Texas 75001
Telephone:  (972) 866-8333
Facsimile:  (972) 866-8378

**ATTORNEY FOR PLAINTIFFS**

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search  Back          Location : All District Civil Courts  Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-15193

| | | | | |
|---|---|---|---|---|
| LENORIA BOOKERet al vs. DIVERSICARE TREEMONT, LLC | § § § § § | | Case Type: | **MEDICAL MALPRACTICE** |
| | | | Date Filed: | **12/18/2015** |
| | | | Location: | **160th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **DIVERSICARE TREEMONT, LLC** *DOING BUSINESS AS* **TREEMONT HEALTHCARE AND REHABILITATION CENTER** | |
| **PLAINTIFF** | **BOOKER, ALFRED, Jr.** | GEORGE A BOLL *Retained* 972-866-8333(W) |
| **PLAINTIFF** | **BOOKER, DEREK** | GEORGE A BOLL *Retained* 972-866-8333(W) |
| **PLAINTIFF** | **BOOKER, LENORIA** | GEORGE A BOLL *Retained* 972-866-8333(W) |
| **PLAINTIFF** | **BOOKER, PAUL** | GEORGE A BOLL *Retained* 972-866-8333(W) |
| **PLAINTIFF** | **BOOKER, RODDRICK** | GEORGE A BOLL *Retained* 972-866-8333(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/18/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 12/18/2015 | **CASE FILING COVER SHEET** *Civil Case Information Sheet* |
| 12/18/2015 | **ORIGINAL PETITION** *Plaintiffs' Original Petition and Request for Disclosure* |
| 12/18/2015 | **ISSUE CITATION** 9214 8901 0661 5400 0076 2913 46 |
| 12/22/2015 | **CITATION** *CERTMAIL/AM* DIVERSICARE TREEMONT, LLC     Served     12/30/2015                                     Returned   12/31/2015 |
| 01/07/2016 | **VACATION LETTER** *PLT* |
| 01/07/2016 | **NOTE - CLERKS** *VAC QUE - GEORGE A BOLL* |
| 01/22/2016 | **RULE 11** *NOTICE OF FILING* |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **PLAINTIFF** BOOKER, LENORIA | | |
| Total Financial Assessment | | 385.00 |
| Total Payments and Credits | | 385.00 |
| **Balance Due as of 01/29/2016** | | **0.00** |
| 12/21/2015 | Transaction Assessment | 385.00 |
| 12/21/2015 | CREDIT CARD - TEXFILE (DC)     Receipt # 74318-2015-DCLK          BOOKER, LENORIA | (385.00) |

FORM NO. 353-3 – CITATION

# THE STATE OF TEXAS

CERT MAIL

## CITATION

## DC-15-15193

To:

DIVERSICARE TREEMONT, LLC
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

LENORIA BOOKER et al
vs.
DIVERSICARE TREEMONT, LLC

ISSUED THIS
**22nd day of December, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
GEORGE A BOLL
JUNEAU BOLL STACY & UCHEREK
PLLC
15301 SPECTRUM DRIVE
SUITE 300
ADDISON TX 75001-6497
972-866-8333

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th** District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LENORIA BOOKER, ET AL**.

Filed in said Court **18th day of December, 2015** against

**DIVERSICARE TREEMONT, LLC D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER**

For Suit, said suit being numbered **DC-15-15193**, the nature of which demand is as follows:
Suit on **MEDICAL MALPRACTICE** etc. as shown on said petition **REQ FOR DISCLOSURE**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of December, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
        ALTHA MILES

DALLAS COUNTY CONSTABLE
FEES NOT
PAID

FEES
PAID

# OFFICER'S RETURN

Case No. : DC-15-15193

Court No.160th District Court

Style: LENORIA BOOKER et al

vs.

DIVERSICARE TREEMONT, LLC

Came to hand on the _____ day of _____, 20 ____ at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation      $ _____

For mileage               $ _____

For Notary                $ _____                of _____ County, _____

                                                      By _____ Deputy

                          (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

# OFFICER'S RETURN

Case No. : DC-15-15193

Court No.160th District Court

Style: LENORIA BOOKER et al

vs.

DIVERSICARE TREEMONT, LLC

Came to hand on the _22nd_ day of _December_, 20 _15_ , at _12:31_ o'clock _P_ .M. Executed at _211 E.7th #620 Austin Tx. 78701_

within the County of _____ at _9:41_ o'clock _A_ .M. on the _30th_ day of _December_ ,

20 _15_ , by delivering to the within named

_Diversicare Treemont LLC serving Registered agent Corporation Service Company via_
_US Certified mail Return Receipt Received signed by Chris Sarza._

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _76.00_ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $ _____ | By _Pat Miles_ _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 ____ ,

to certify which witness my hand and seal of office.

**FELICIA PITRE**
**DISTRICT CLERK**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4606**

9214 8901 0661
5400 0076 2913 46

Notary Public _____ County _____

**FILED**

DEC 31 2015

FELICIA PITRE
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

DIVERSICARE TREEMONT, LLC
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LENORIA BOOKER, ET AL**

Filed in said Court **18th day of December, 2015** against

**DIVERSICARE TREEMONT, LLC D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER**

For Suit, said suit being numbered **DC-15-15193,** the nature of which demand is as follows:
Suit on **MEDICAL MALPRACTICE** etc. as shown on said petition **REQ FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of December, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
   ALTHA MILES

---

### CERT MAIL

# CITATION

## DC-15-15193

**LENORIA BOOKER et al**
**vs.**
**DIVERSICARE TREEMONT, LLC**

ISSUED THIS
**22nd day of December, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
GEORGE A BOLL
JUNEAU BOLL STACY & UCHEREK PLLC
15301 SPECTRUM DRIVE
SUITE 300
ADDISON TX 75001-6497
972-866-8333

DALLAS COUNTY CONSTABLE
FEES PAID          FEES NOT PAID


**UNITED STATES**
**POSTAL SERVICE**

Date: December 30, 2015

MAIL MAIL:

The following is in response to your December 30, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000076291346. The delivery record shows that this item was delivered on December 30, 2015 at 9:41 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC-15-15193 DP AM
DIVERSICARE TREEMONT, LLC
REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

FILED
DALLAS COUNTY
1/22/2016 2:10:55 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00260-O   Document 1-3   Filed 01/29/16   Page 24 of 40   PageID 32

CAUSE NO. DC-15-15193

| | | |
|---|---|---|
| LENORIA BOOKER, INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS HEIR TO AND REPRESENTATIVE OF | § | |
| THE ESTATE OF ALFRED BOOKER, SR., | § | |
| DECEASED, AND ALFRED BOOKER, JR., | § | |
| RODDRICK BOOKER, DEREK BOOKER | § | |
| AND PAUL BOOKER, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| ALFRED BOOKER, SR., DECEASED, | § | |
| | § | 160th JUDICIAL DISTRICT |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| DIVERSICARE TREEMONT, LLC D/B/A | § | |
| TREEMONT HEALTHCARE AND | § | |
| REHABILITATION CENTER, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT DIVERSICARE TREEMONT, LLC
## D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER'S
## NOTICE OF FILING RULE 11 AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 11, Texas Rules of Civil Procedure, Defendant notifies the Court of its agreement with Plaintiffs' attorney, as evidenced by the letter, signed by counsel, attached hereto as "Exhibit A".

Respectfully submitted,

**HOBLIT DARLING RALLS**
**HERNANDEZ & HUDLOW LLP**
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By: _____
STEPHEN R. DARLING
State Bar No. 05386500
Email: sdarling@hdr-law.com

THOMAS A. COWEN
State Bar No. 04927600
Email: tcowen@hdr-law.com
LAUREN M. HORNE
State Bar No. 24066330
Email: lhorne@hdr-law.com

**ATTORNEYS FOR DEFENDANTS
DIVERSICARE TREEMONT, LLC D/B/A
TREEMONT HEALTHCARE AND
REHABILITATION CENTER**


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, and all known counsel of record as indicated below will receive notification of such filing in accordance with the Texas Rules of Civil Procedure.

George A. Boll                              *Via Electronic Service*
JUNEAU, BOLL, STACY & UCHEREK, PLLC
15301 Spectrum Drive, Suite 300
Addison, Texas 75001
georgeboll@juneauboll.com

_____
Stephen R. Darling

## HOBLIT DARLING RALLS
## HERNANDEZ & HUDLOW LLP
### ATTORNEYS AT LAW

STEPHEN R. DARLING
Partner

Email: sdarling@hdr-law.com

January 6, 2016

**Via Electronic Mail**:

George A. Boll
JUNEAU, BOLL, STACY & UCHEREK, PLLC
15301 Spectrum Drive, Suite 300
Addison, Texas  75001-6497

    Re:    Cause No. DC-15-15193; *Lenoria Booker et al v. Diversicare Treemont,*
        *LLC d/b/a Treemont Healthcare and Rehabilitation Center*, In the District
        Court of Dallas County, Texas

Dear Mr. Boll:

    Further to our emails and telephone conversation, thank you for agreeing to a 30-day extension to file Defendant Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center's Answer to Plaintiffs' Original Petition.  Our Answer will be due on February 24, 2016.

    We also agree that the deadline for Plaintiffs to serve the 120-day expert report(s) as required by CPRC Section 74.351(a) will be will be June 23, 2016.

    Please confirm your agreement be signing where indicated below and returning same to our offices.

    If you have any questions, please do not hesitate to contact us.  Thank you.

Sincerely,

Stephen R. Darling

AGREED:

George A. Boll         Dated: **1-8-16**

**EXHIBIT**
**A**

CAUSE NO. DC-15-15193

| | | |
|---|---|---|
| LENORIA BOOKER, INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS HEIR TO AND REPRESENTATIVE OF | § | |
| THE ESTATE OF ALFRED BOOKER, SR., | § | |
| DECEASED, AND ALFRED BOOKER, JR., | § | |
| RODDRICK BOOKER, DEREK BOOKER | § | |
| AND PAUL BOOKER, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| ALFRED BOOKER, SR., DECEASED, | § | |
| | § | 160th JUDICIAL DISTRICT |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| DIVERSICARE TREEMONT, LLC D/B/A | § | |
| TREEMONT HEALTHCARE AND | § | |
| REHABILITATION CENTER, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT DIVERSICARE TREEMONT, LLC
D/B/A TREEMONT HEALTHCARE AND REHABILITATION
CENTER'S JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, DIVERSICARE TREEMONT, LLC d/b/a TREEMONT HEALTHCARE AND

REHABILITATION CENTER files this Jury Demand and would show the Court the following:

**I.**

Defendant hereby demands a trial by jury, and tenders herewith the requisite jury fee to

the Clerk of Dallas County, Texas.

Respectfully submitted,

**HOBLIT DARLING RALLS**
      **HERNANDEZ & HUDLOW LLP**
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By: _____

STEPHEN R. DARLING
State Bar No. 05386500
Email:  sdarling@hdr-law.com
THOMAS A. COWEN
State Bar No. 04927600
Email:  tcowen@hdr-law.com
LAUREN M. HORNE
State Bar No. 24066330
Email:  lhorne@hdr-law.com

**ATTORNEYS FOR DEFENDANTS
DIVERSICARE TREEMONT, LLC D/B/A
TREEMONT HEALTHCARE AND
REHABILITATION CENTER**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on the 29th day of January, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, and all known counsel of record as indicated below will receive notification of such filing in accordance with the Texas Rules of Civil Procedure.

George A. Boll            *Via Electronic Service*
JUNEAU, BOLL, STACY & UCHEREK, PLLC
15301 Spectrum Drive, Suite 300
Addison, Texas  75001
georgeboll@juneauboll.com

_____
Lauren M. Horne

**Teri Fujitani**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Friday, January 29, 2016 3:04 PM |
| **To:** | Teri Fujitani |
| **Subject:** | eFileTexas.gov – Notification of Service – 8867811 |



# Notification of Service
### Envelope Number: **8867811**

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | DC-15-15193 |
| **Case Style** | LENORIA BOOKERet alvs.DIVERSICARE TREEMONT, LLC |
| **Date/Time Submitted** | 1/29/2016 3:01:23 PM |
| **Filing Type** | No Fee Documents |
| **Filed By** | Teri Fujitani |
| **Service Contacts** | Other Service Contacts not associated with a party on the case:<br><br>Teri Fujitani (tfujitani@hdr-law.com)<br><br>Stephen Darling (sdarling@hdr-law.com)<br><br>Thomas Cowen (tcowen@hdr-law.com)<br><br>Lauren Horne (lhorne@hdr-law.com)<br><br>Gena Amerson (gamerson@hdr-law.com)<br><br>Lisa Medlin (lmedlin@hdr-law.com)<br><br>George Boll (georgeboll@juneauboll.com)<br><br>Michelle Baskette (michelle@juneauboll.com) |

| Document Details | |
|---|---|
| **File Stamped Copy** | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=e02732a1-3422-438a-b5dc-75cdc2b55191&RID=7a05e65f-670e-4b34-a15c-ab4d6bf9eaf8<br>This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

1

CAUSE NO. DC-15-15193

| | | |
|---|---|---|
| LENORIA BOOKER, INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS HEIR TO AND REPRESENTATIVE OF | § | |
| THE ESTATE OF ALFRED BOOKER, SR., | § | |
| DECEASED, AND ALFRED BOOKER, JR., | § | |
| RODDRICK BOOKER, DEREK BOOKER | § | |
| AND PAUL BOOKER, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| ALFRED BOOKER, SR., DECEASED, | § | |
| | § | 160th JUDICIAL DISTRICT |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| DIVERSICARE TREEMONT, LLC D/B/A | § | |
| TREEMONT HEALTHCARE AND | § | |
| REHABILITATION CENTER, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT DIVERSICARE TREEMONT, LLC
D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER'S
ORIGINAL ANSWER, REQUEST FOR DISCLOSURE TO PLAINTIFFS, AND NOTICE
PURSUANT TO RULE 193.7**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, DIVERSICARE TREEMONT, LLC d/b/a TREEMONT HEALTHCARE AND

REHABILITATION CENTER (hereinafter "Defendant"), files this Original Answer to Plaintiffs'

Original Petition, Request for Disclosure to Plaintiffs, and Notice Pursuant to Rule 193.7.

## I.
### GENERAL DENIAL

1.     Subject to such stipulations and admissions as may hereinafter be made,

Defendant asserts a general denial as authorized by TEX. R. CIV. P. 92, and respectfully requests

that Plaintiffs be required to prove the charges and allegations made against Defendant by a

preponderance of the evidence or such greater quantum of evidence as required by the Constitution and laws of the State of Texas.

## II.
### SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

2.      Defendant expressly invokes the defenses, limitations and protections provided by Chapter 41 and Chapter 74, Subchapter G, of the Texas Civil Practice & Remedies Code including, but not limited to, the standards, burden of proof, and limits on damages established therein. Pleading further, Defendant invokes the rights under Chapter 74, Subchapters H and K of the Texas Civil Practice & Remedies Code.

3.      Defendant states that no act or omission on the part of Defendant was the proximate cause of any injuries and/or damages to Plaintiffs.  Defendant contends that the sole cause or causes of the injuries and/or damages of Plaintiffs, if any, are wholly unrelated to any act or omission on the part of Defendant.

4.      Defendant contends that any and all injuries, and/or damages sustained by Plaintiffs were solely and proximately caused by a new and independent cause and/or a superseding intervening cause separate and apart from anything Defendant allegedly did or failed to do.

5.      By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendant asserts that the Plaintiffs' alleged injuries and damages did not result from Defendant's conduct, but are a function of unrelated pre-existing or subsequently occurring injuries, illnesses, diseases or other bodily conditions.

6.      Defendant would show that any, some, or all of the damages sustained by Plaintiffs were the result, in whole or in part, of Plaintiffs' failing to act as a reasonable,

ordinary, prudent person would have and should have acted under the same or similar circumstances.

7.      By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendant asserts that the incident or incidents made the basis of this suit were unavoidable and, therefore, not proximately caused by any acts, omissions, and/or negligence on the part of Defendant.

8.      Defendant contends that Plaintiffs' right to recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiffs. TEX. CIV. PRAC. & REM. CODE § 41.0105.

9.      Defendant asserts the provisions of Sections 18.091(a) & (b) of the Texas Civil Practice and Remedies Code and states that notwithstanding any other law, if the Plaintiffs seek the recovery of loss of earnings, loss of earning capacity or loss of contributions of any pecuniary value, any evidence to prove such loss must be presented in the form of a net loss after reduction for income taxes payments or unpaid tax liability pursuant to any Federal income tax law.  Further, if Plaintiffs seek recovery for loss of earnings, loss of earning capacity, or loss of contribution of a pecuniary value, Defendant submits that the Court shall instruct the jury as to whether any recover for compensatory damages sought by Plaintiffs is subject to Federal or State Income Taxes.  Defendant would further state that pre-judgment interest does not accrue on any recovery for future damages, if any.   Defendant further contends that recovery for loss of earnings, loss of earning capacity, or loss of contribution of a pecuniary value, must be expressed in terms of present value.

10.     Defendant pleads credit, offset, payment, release and accord and satisfaction as provided in Rule 94 of the Texas Rules of Civil Procedure.

11.     Defendant is entitled to the benefits of any percentage reduction, or direct credit, to be elected at the time of trial pursuant to the provisions of the TEX. CIV. PRAC. & REM. CODE.

12.     Defendant pleads proportionate responsibility and would show that in the unlikely event the jury finds in favor of Plaintiffs and awards injuries and damages, Defendant specifically reserves any and all rights it has for contribution and/or indemnity against third-persons, both parties and non-parties, and reserve the rights and remedies provided by Chapters 32 and 33 of the Texas Civil Practice & Remedies Code. Defendant pleads that the Court must submit the proportionate responsibility of any and all settling parties as required by TEX. CIV. PRAC. & REM. CODE ANN. § 33.003.

13.     Defendant reserves the right to assert additional defenses that are supported by information or facts obtained in this case and reserves the right to amend this answer to assert such additional affirmative defenses in the future.

### III.
### REQUEST FOR DISCLOSURE

14.     Under Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

### IV.
### RULE 193.7 NOTICE

15.     Under Texas Rule of Civil Procedure 193.7, Defendant intends to use all documents produced by Defendant in pretrial proceedings and/or at trial in the above-referenced litigation.

### V.
### JURY DEMAND

16.     Defendant has requested a trial by jury on all issues triable to a jury.

# VI.

## Prayer

For these reasons, Defendant, DIVERSICARE TREEMONT, LLC d/b/a TREEMONT HEALTHCARE AND REHABILITATION CENTER, asks the Court to dismiss this suit or render judgment that Plaintiffs take nothing, that the Court dismiss this lawsuit and/or render judgment in favor of Defendant; that Defendant be awarded all costs and expenses incurred; and for any and all other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**Hoblit Darling Ralls  
    Hernandez & Hudlow LLP**  
Bank of America Plaza  
300 Convent Street, Suite 1450  
San Antonio, Texas 78205  
Telephone No. (210) 224-9991  
Facsimile No. (210) 226-1544

By: _Lauren M. Horne_  
STEPHEN R. DARLING  
State Bar No. 05386500  
Email:  sdarling@hdr-law.com  
THOMAS A. COWEN  
State Bar No. 04927600  
Email:  tcowen@hdr-law.com  
LAUREN M. HORNE  
State Bar No. 24066330  
Email:  lhorne@hdr-law.com

**ATTORNEYS FOR DEFENDANTS  
DIVERSICARE TREEMONT, LLC D/B/A  
TREEMONT HEALTHCARE AND  
REHABILITATION CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, and all known counsel of record as indicated below will receive notification of such filing in accordance with the Texas Rules of Civil Procedure.

George A. Boll                                    *Via Electronic Service*
JUNEAU, BOLL, STACY & UCHEREK, PLLC
15301 Spectrum Drive, Suite 300
Addison, Texas  75001
georgeboll@juneauboll.com


_____
Lauren M. Horne

**Teri Fujitani**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Friday, January 29, 2016 3:03 PM |
| **To:** | Teri Fujitani |
| **Subject:** | eFileTexas.gov – Notification of Service – 8867811 |



# Notification of Service

### Envelope Number: **8867811**

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | DC-15-15193 |
| **Case Style** | LENORIA BOOKERet alvs.DIVERSICARE TREEMONT, LLC |
| **Date/Time Submitted** | 1/29/2016 3:01:23 PM |
| **Filing Type** | Answer/Response |
| **Filed By** | Teri Fujitani |
| **Service Contacts** | Other Service Contacts not associated with a party on the case: Teri Fujitani (tfujitani@hdr-law.com) Stephen Darling (sdarling@hdr-law.com) Thomas Cowen (tcowen@hdr-law.com) Lauren Horne (lhorne@hdr-law.com) Gena Amerson (gamerson@hdr-law.com) Lisa Medlin (lmedlin@hdr-law.com) George Boll (georgeboll@juneauboll.com) Michelle Baskette (michelle@juneauboll.com) |

| Document Details | |
|---|---|
| **File Stamped Copy** | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=f2b5391d-b42d-4a55-87fc-8ce3d568e350&RID=0e5bc983-72c7-4d3f-bd06-cbcea5d74ff7 This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LENORIA BOOKER, INDIVIDUALLY AND | § | |
| AS HEIR TO AND REPRESENTATIVE OF | § | |
| THE ESTATE OF ALFRED BOOKER, SR., | § | |
| DECEASED, AND ALFRED BOOKER, JR., | § | |
| RODDRICK BOOKER, DEREK BOOKER | § | |
| AND PAUL BOOKER, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| ALFRED BOOKER, SR., DECEASED, | § | CASE NO. |
| | § | |
| Plaintiffs, | § | **(JURY REQUESTED)** |
| v. | § | |
| | § | |
| DIVERSICARE TREEMONT, LLC D/B/A | § | |
| TREEMONT HEALTHCARE AND | § | |
| REHABILITATION CENTER, | § | |
| | § | |
| Defendants. | § | |

## LIST OF ALL COUNSEL OF RECORD

**Attorney for Defendant Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center**

Stephen R. Darling
Texas Bar No. 05386500
Federal ID No. 8743
Thomas A. Cowen
Texas Bar No. 04927600
Federal ID No. 10707
HOBLIT DARLING RALLS
   HERNANDEZ & HUDLOW, L.L.P.
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas  78205
Telephone:  (210) 224-9991
Telecopier:  (210) 226-1544

**EXHIBIT B**

**Attorney for Plaintiffs Lenoria Booker, Individually and as Heir to and Representative of the Estate of Alfred Booker, Sr., Deceased, and Alfred Booker, Jr., Roddrick Booker, Derek Booker and Paul Booker, Individually and as Heirs to the Estate of Alfred Booker, Sr., Deceased**

George A. Boll
Texas Bar No. 00783682
JUNEAU, BOLL, STACY & UCHEREK, PLLC
15301 Spectrum Drive, Suite 300
Addison, Texas  75001-6497
Telephone:   (972) 866-8333
Telecopier:  (972) 866-8378

CAUSE NO. DC-15-15193

| | | |
|---|---|---|
| LENORIA BOOKER, INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS HEIR TO AND REPRESENTATIVE OF | § | |
| THE ESTATE OF ALFRED BOOKER, SR., | § | |
| DECEASED, AND ALFRED BOOKER, JR., | § | |
| RODDRICK BOOKER, DEREK BOOKER | § | |
| AND PAUL BOOKER, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| ALFRED BOOKER, SR., DECEASED, | § | |
| | § | 160th JUDICIAL DISTRICT |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| DIVERSICARE TREEMONT, LLC D/B/A | § | |
| TREEMONT HEALTHCARE AND | § | |
| REHABILITATION CENTER, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT DIVERSICARE TREEMONT, LLC
D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER'S
NOTICE OF FILING NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE that on January 29, 2016, Defendant, Diversicare Treemont, LLC d/b/a Treemont Healthcare and Rehabilitation Center, by and through the undersigned counsel of record, filed in the United States District Court for the Northern District of Texas, Dallas Division, a Notice of Removal. A true and correct copy of the Notice is attached hereto as Exhibit "A" and incorporated herein verbatim.

PLEASE TAKE FURTHER NOTICE, that pursuant to 28 U.S.C. § 1446, the filing of such Notice in the United States District Court, together with the filing of a copy of the Notice with this Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded.

EXHIBIT C

Respectfully submitted,

**HOBLIT DARLING RALLS HERNANDEZ & HUDLOW LLP**
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By: _____
STEPHEN R. DARLING
State Bar No. 05386500
Email:  sdarling@hdr-law.com

THOMAS A. COWEN
State Bar No. 04927600
Email:  tcowen@hdr-law.com
LAUREN M. HORNE
State Bar No. 24066330
Email:  lhorne@hdr-law.com

**ATTORNEYS FOR DEFENDANTS DIVERSICARE TREEMONT, LLC D/B/A TREEMONT HEALTHCARE AND REHABILITATION CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, and all known counsel of record as indicated below will receive notification of such filing in accordance with the Texas Rules of Civil Procedure.

George A. Boll                                   *Via Electronic Service*
JUNEAU, BOLL, STACY & UCHEREK, PLLC
15301 Spectrum Drive, Suite 300
Addison, Texas  75001
georgeboll@juneauboll.com

_____
Stephen R. Darling